UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ROBERT HOFFMAN #181813,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　　　　　Case No. 1:17-CV-316

DENNIS BEHLER et al.,　　　　　　　　　　　　　　HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING THE REPORT AND RECOMMENDATION

Plaintiff, Robert Hoffman, a state prisoner at a Michigan Department of Corrections (MDOC) facility, brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants—Physician's Assistant (PA) Dennis Behler, PA George Johnson, and Registered Nurse (RN) Ann Karp—violated Plaintiff's rights under the Eighth Amendment through deliberate indifference to Plaintiff's serious medical needs. Plaintiff also requested that the Court exercise supplemental jurisdiction over Plaintiff's state-law gross negligence claims against Defendants. Defendant Karp moved for summary judgment on the grounds that Plaintiff could not show an Eighth Amendment violation and that Defendant Karp was entitled to qualified immunity. (ECF No. 45.) Defendants Behler and Johnson moved for summary judgment, arguing that Plaintiff could not support a deliberate indifference claim. (ECF No. 53.) Magistrate Judge Phillip Green submitted a Report and Recommendation (R & R) recommending that the Court grant each Defendant's dispositive motion, enter judgment in Defendants' favor on all of Plaintiff's federal claims, and decline to exercise supplemental jurisdiction over Plaintiff's alleged state law claims. (ECF No. 68.)

Plaintiff has filed objections to the R & R. (ECF No. 74.) Upon receiving objections to the R & R, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1). This Court may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

After conducting a de novo review of the R & R, the objections, and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

## I. Defendant Karp

Although Defendant Karp's first argument is that Plaintiff is unable to support his deliberate indifference claim against her, the Court will address the "threshold question" of qualified immunity first. *Crawford-El v. Britton*, 523 U.S. 574, 598, 118 S. Ct. 1584, 1597 (1998).

Plaintiff urges the Court to look to the cases he cited—*Scott v. Antonini*, 764 F. Supp. 2d 904 (E.D. Mich. 2011), and *Blackmore v. Kalamazoo County*, 390 F.3d 890 (6th Cir. 2004)—to find that the alleged violation was of a constitutional right that was clearly established, as required to defeat a qualified immunity defense. *See Plumhoff v. Rickard*, 572 U.S. 765, ___, 134 S. Ct. 2012, 2023 (2014). However, *Scott* is a district court case that has no precedential value in this district. And *Blackmore* is factually distinct; in *Blackmore*, jail staff did not treat an inmate for several days, despite "classic signs of appendicitis," such as vomiting. 390 F.3d at 894. Plaintiff wants the Court to focus on the holding in *Blackmore* that "[w]hen prison officials are aware of a prisoner's obvious and serious need for medical treatment and delay medical treatment of that condition for non-medical reasons, their conduct in causing the delay creates the constitutional infirmity." *Id*. at 899. But the Supreme Court has "repeatedly told courts not to define clearly established law at a high level of generality, since doing so avoids the crucial question whether the

official acted reasonably in the particular circumstances that he or she faced." *Plumhoff*, 572 U.S. at \_\_\_, 134 S. Ct. at 2023 (quotation marks, citation, and alterations omitted). Thus, Plaintiff has not shown that the right that Defendant Karp supposedly violated was clearly established.

To the contrary, the Seventh Circuit has held that a "no reasonable jury could conclude that the failure to prescribe narcotic pain medication or contact a doctor who would prescribe it amounted to deliberate indifference," in a factually similar case to this case. *Burton v. Downey*, 805 F.3d 776, 785 (7th Cir. 2015). Because Plaintiff did not—and could not—show that Defendant Karp violated a right that was clearly established, Defendant Karp is entitled to qualified immunity on Plaintiff's deliberate indifference claim.

## II.     Defendants Behler and Johnson

Plaintiff's deliberate indifference claim against Defendants Behler and Johnson is based on Defendants' decision not to order occupational therapy for Plaintiff following his hand surgeries. To support a deliberate indifference claim, Plaintiff has to prove an objective and a subjective component—"both that the alleged wrongdoing was objectively harmful enough to establish a constitutional violation and that the official acted with a culpable enough state of mind, rising above gross negligence." *Rhinehart v. Scutt*, 894 F.3d 721, 737 (6th Cir. 2018).

The Sixth Circuit recognizes three categories of claims under the objective component: (1) claims that the inmate did not receive any treatment; (2) claims that the treatment was "so cursory as to amount to no treatment at all;" and (3) claims that despite on-going treatment, the care provided was "so grossly incompetent, inadequate, or excessive as to shock the conscience or to be intolerable to fundamental fairness." *Id*. (quotation marks and citations omitted). Plaintiff's deliberate indifference claim falls under the third category, as he was receiving on-going treatment for his condition.

3

Under the third category, Plaintiff "must present enough evidence for a factfinder to evaluate the adequacy of the treatment provided and the severity of the harm caused by the allegedly inadequate treatment," including "medical proof that the provided treatment was not an adequate medical treatment of the inmate's condition or pain." *Id.* (quotation marks, alterations, and citation omitted). The magistrate judge determined that the declaration and note from Plaintiff's physician who performed the hand surgeries was "evidence on which a reasonable trier of fact could find in plaintiff's favor on the objective component of Eighth Amendment claims against PA Behler and PA Johnson." (ECF No. 68 at PageID.861.) Yet, even if the Court agrees with the magistrate judge's finding that Plaintiff has supported the objective component of his deliberate indifference claims against Defendants Behler and Johnson, Plaintiff's claims fail on the subjective component.

"A doctor is not liable under the Eighth Amendment if he or she provides reasonable treatment, even if the outcome of the treatment is insufficient or even harmful." *Rhinehart*, 894 F.3d at 738. There is no dispute that Defendants Behler and Johnson provided on-going treatment for Plaintiff's medical condition, including regular evaluations, pain medication prescriptions, encouraging self-directed physical therapy and range of motion exercises, scheduling a Pain Management Committee evaluation and an orthopedic visit, requesting follow-up appointments with specialists, submitting requests for injections and further procedures, and ordering labs. "When a doctor orders treatment consistent with the symptoms presented and then continues to monitor the patient's condition, an inference of deliberate indifference is unwarranted." *Id.* at 743 (quotation marks and citation omitted). Plaintiff has not met the "high bar" of proving that Defendants Behler and Johnson "*consciously* exposed the patient to an *excessive* risk of *serious* harm." *Id.* at 738-39 (quotation marks, citation, and alterations omitted) (emphasis in original).

Therefore, Defendants Behler and Johnson are entitled to summary judgment on Plaintiff's deliberate indifference claims.

### III. State Law Claims

With no remaining federal claims against Defendants Karp, Behler, and Johnson, the Court will decline to exercise supplemental jurisdiction over Plaintiff's alleged state law claims. *See* 28 U.S.C. § 1367(c)(3); *Brown v. Cassens Transp. Co.*, 546 F.3d 347, 363 (6th Cir. 2008).

### IV. Conclusion

For the reasons stated above,

**IT IS HEREBY ORDERED** that the August 30, 2018, Report and Recommendation (ECF No. 68) is approved and adopted as the Opinion of the Court.

**IT IS FURTHER ORDERED** that Defendants' motions for summary judgment (ECF Nos. 45, 53) are **GRANTED**, and Plaintiff's federal claims against Defendants Karp, Behler, and Johnson, are **dismissed with prejudice.**

**IT IS FURTHER ORDERED** that the Court will **decline to exercise supplemental jurisdiction** over Plaintiff's alleged state law claims, which are dismissed without prejudice.

This case is **concluded**.

A separate judgment will enter.

Dated: October 30, 2018        /s/ Gordon J. Quist
                               GORDON J. QUIST
                               UNITED STATES DISTRICT JUDGE